IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CASE NO. 2:18-CR-14(6)-JRG-RSP |
| | § | |
| DARRELL LYNN GAGE | § | |

## **MEMORANDUM ORDER**

Before the Court is the Motion to Request Amendment of Jail Time Credit ("the Motion") filed by Defendant Darryl Lynn Gage ("Gage"). (Dkt. No. 254.) The United States opposes the Motion. (Dkt. No. 255) Having considered the Motion, and for the reasons stated herein, the Court finds that it should be **DENIED**.

### I. BACKGROUND

On August 1, 2018 Gage was arrested and subsequently charged with two counts of delivery of a controlled substance under state law. (Dkt. No. 254 at 1; Dkt. No. 192 at 2.) On April 22, 2019, Gage admitted guilt to Count One of a federal indictment, which alleged violation of 21 U.S.C. § 846, conspiracy to distribute and possess with intent to distribute methamphetamine, pursuant to a written plea agreement. (Dkt. No. 255 at 1.) On August 23, 2019, Gage was sentenced to 92 months of imprisonment pursuant to his guilty plea. (Dkt. No. 190 at 2.) The judgment directs that Gage be given credit for time served from the date of his arrest on August 31, 2019. (*Id.*) A Texas state court subsequently sentenced Gage to 10 years of imprisonment on each of the two state charges above, to run concurrently with his federal sentence. (Dkt. No. 254 at 1.) The Government and Gage agree that the same facts underpin both the federal and state offenses. (*See* Dkt. No. 255 at 2.) Gage remained in state custody for approximately 51 months, from the time of

his arrest on August 1, 2018, until he was transferred to federal custody on November 14, 2022. (Dkt. No. 254 at 1–2.) While it appears that Gage has 78 months remaining on his federal sentence, he now asserts that the Federal Bureau of Prisons has improperly failed to give him credit for those 51 months in state prison and now seeks relief. (Dkt. No. 254 at 2–3.)

## II. RELEVANT LAW

Two statutes are particularly relevant here. The first, 18 U.S.C. § 3584(a) provides that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."

The second, 18 U.S.C. § 3585(b)(2) provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—as a result of any other charge for which the defendant was arrested after the commission of the offense; for which the sentence was imposed that has not been credited against another sentence."

## III. ANALYSIS

The clocks on the different sentences did not start at the same time. The state sentence started on August 31, 2018, and has continued to run after Gage was transferred to federal custody since the state court ordered that the state and federal sentences run concurrently.

It is not necessary for the Court to determine when the clock on Gage's federal sentence began for it to decide the Motion now before it. Regardless of when the clock starts or has started on Gage's federal sentence, it is clear that Gage's time in state custody "has … been credited against another sentence," his state sentence. 18 U.S.C. § 3585(b)(2). Accordingly, credit for time served on the state sentence is not due as a credit against his federal sentence.

### IV. CONCLUSION

For the reasons stated above, the Motion (Dkt. No. 254) should be **DENIED**.

**So ORDERED and SIGNED this 15th day of May, 2023.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE